UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IAROSLAV MEDVEZHOV
(A-Number: 220 487 855),

                         Petitioner,

           v.

WARDEN, Golden State Annex Detention
Facility, et al.,

                         Respondents.

No.  1:26-cv-05918-KES-SAB (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND REQUIRING
IMMEDIATE RELEASE

Doc. 1

This habeas action concerns the detention of petitioner Iaroslav Medvezhov, a nineteen-year-old asylum-seeker from Russia who lawfully entered the United States on a visa in 2022. For the reasons explained below, the petition for writ of habeas corpus is granted.

**I.      Background**

Petitioner Iaroslav Medvezhov is a 19-year-old citizen of Russia who lawfully entered the United States on a visa in 2022, when he was sixteen.  Doc. 1 at ¶ 1.  He entered with his parents and his younger sister.  *See id.*  Petitioner was authorized to stay in the United States until September 23, 2022.  *Id.* ¶ 10.

1

Before petitioner's visa expired, his father filed an asylum application and listed petitioner as a derivative child beneficiary.  *Id.* ¶ 11.  That asylum application remains pending with United States Citizenship and Immigration Services ("USCIS").  *See id.*  That asylum application listed the date that petitioner's visa was set to expire.  Doc. 1, Tab C at 28.  On July 17, 2024, after petitioner's visa expired, USCIS granted petitioner work authorization until July 2029.  Doc. 1 at ¶ 12.  Respondents do not dispute petitioner's assertion that "[t]he Government has known exactly who and where Petitioner is at every moment since [] USCIS accepted the family's asylum application identifying Petitioner by name, address, and photograph; collected his biometrics; and on July 17, 2024, issued him an Employment Authorization Document, category C08, valid through July 16, 2029."  *Id.* ¶ 12; *see* Doc. 6.  Petitioner asserts that these actions were "an affirmative federal recognition of his authorized presence as an asylum applicant."  Doc. 1 at ¶ 12; *see* Doc. 6.

While in the United States, petitioner graduated from high school.  Doc. 1 at ¶ 12.  He lawfully worked at a company that stages children's entertainment events and at a mechanic's shop repairing automobiles.  *Id.*  He obtained a Florida driver's license.  *Id.*  Respondents' records show that petitioner has no criminal history.  *See* Doc. 6-1 at 3.

On June 16, 2026, petitioner was driving to work when he was stopped by Border Patrol agents in Hollywood, Florida.  Doc. 1 at ¶ 13.  Respondents do not dispute petitioner's assertion that he had not committed a traffic violation.  *See id.*; Doc. 6.  Petitioner asserts that the Border Patrol agents gave him no explanation for why they were arresting him.  *See* Doc. 1 at ¶ 13.  Respondents' records show that they arrested petitioner for overstaying his visa, despite petitioner informing them that he had a pending asylum application, *see* Doc. 6-1 at 2.  The Border Patrol agents served him with a notice to appear for removal proceedings.

Petitioner was subsequently transferred across the country to Golden State Annex Detention Facility in McFarland, California.  *Id.* ¶ 15.  An immigration judge scheduled a bond hearing for petitioner on July 24, 2026, but continued the hearing to August 5, 2026.  Doc. 1 at ¶ 16.  Petitioner has now been detained over forty days without a bond hearing.

On July 28, 2026, petitioner filed a petition for writ of habeas corpus, Doc. 1, and a

motion for temporary restraining order, Doc. 2.  Petitioner argues that due process required that he be provided a bond hearing prior to being detained.  *See* Doc. 1 at ¶¶ 3, 19.  Respondents filed an opposition on July 30, 2026.  Doc. 6.  Respondents concede that petitioner is subject to 8 U.S.C. § 1226(a) and is entitled to a bond hearing, but they argue that petitioner should be required to exhaust administrative remedies before seeking relief in this Court.  *See* Doc. 6.  Petitioner filed  a reply on July 30, 2026.  Doc. 7.

## II.      Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.     Discussion

Petitioner's claim is that due process required that he be provided a pre-deprivation bond hearing, given the Government's decision to allow him to live at liberty for four years while his asylum application remained pending.  *See* Doc. 1 at ¶¶ 1–3, 19–26.  Respondents argue that petitioner should be required to exhaust his administrative remedies by first seeking a post-deprivation bond hearing in immigration court, but this argument ignores the nature of petitioner's claim.  Petitioner raises a constitutional claim, and the immigration court does not have jurisdiction to address constitutional issues.  *See Montoya Echeverria v. Barr*, No. 20-CV-02917-JSC, 2020 WL 2759731, at *6 (N.D. Cal. May 27, 2020) (citing *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995)).  "When, as here, the remaining claim is a constitutional one beyond the

agency's competence to resolve, the prudential exhaustion requirement does not bar review." *Gagik T. v. Chestnut*, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *2 (E.D. Cal. June 25, 2026). The court therefore waives prudential exhaustion and proceeds to the merits.

Relying on *Morrissey v. Brewer*, 408 U.S. 471 (1972), courts in this district have held that when a noncitizen has previously been detained and released by immigration authorities and is subsequently re-detained, the noncitizen has a constitutionally protected interest in his liberty. *See, e.g.*, *Tinoco v. Noem*, 818 F. Supp. 3d 1141, 1151 (E.D. Cal. 2025); *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094, 1101–03 (E.D. Cal. 2026); *R.C.C. v. Noem*, No. 1:26-CV-00373-TLN-EFB, 2026 WL 369796, at *3 (E.D. Cal. Feb. 10, 2026). Similarly, in cases with nearly identical facts to those here, courts in this district have held that "a noncitizen who has lived at liberty for years while his immigration case proceeds—pursuant to the Government's affirmative decision *not to detain him*—[also] holds a protected liberty interest in remaining free from custody." *Gagik T. v. Chestnut*, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) (emphasis added); *Anderson v. Chestnut*, No. 1:26-CV-01960-DAD-CKD, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026); *Jie Yu v. Field Office Director*, No. 1:26-CV-04648-MWJS, 2026 WL 1893576, at *2 (E.D. Cal. June 30, 2026); *Kalkan v. Chestnut*, No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112 (E.D. Cal. Mar. 20, 2026); *Villanueva-Montanez v. Lyons*, No. 2:26-cv-00954-DAD-CKD, 2026 WL 797930 (E.D. Cal. Mar. 23, 2026).

Petitioner was included as a derivative beneficiary on his father's asylum application, and he provided his biometrics, name, and home address to USCIS. Doc. 1 at ¶¶ 10–11. The asylum application listed the date that petitioner's visa was set to expire. Doc. 1, Tab C at 28. After petitioner's visa expired, USCIS granted him work authorization while his asylum application proceeded. *Id.* It is clear that the government knew that petitioner's visa had expired in 2022, and it "sanction[ed] his continued presence in the United States by granting [] his employment authorization." *Gagik T.*, 2026 WL 1837413, at *3. The court agrees with other courts which have held, in similar circumstances, that the government's decision *not* to detain petitioner, and instead to grant him work authorization while his asylum claim proceeded, provided him with a protected liberty interest. *See, e.g.*, *Kharitonova v. Albarran*, No. 3:26-CV-01362-JSC, 2026 WL

4

531441, at *2 (N.D. Cal. Feb. 25, 2026); *Gagik T.*, 2026 WL 1837413, at *3.

To determine what process is due, the Court examines the factors from *Mathews v. Eldridge*, 424 U.S. 319 (1976), "weighing the private interest affected, the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and the Government's interest." *Gagik T.*, 2026 WL 1837413, at *4. Each factor weighs in petitioner's favor. His interest in his freedom is undeniably "substantial." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). He is nineteen years old, recently graduated high school, and prior to his detention he was lawfully employed and lived with his family in Florida.

As for the risk of erroneous deprivation, petitioner is currently scheduled for a post-deprivation bond hearing pursuant to 8 U.S.C. § 1226(a). The Ninth Circuit held in *Rodriguez Diaz v. Garland* that the "post-deprivation bond procedures of § 1226(a) facially satisfy due process." *Gagik T.*, 2026 WL 1837413, at *3 (citing *Rodriguez Diaz*, 53 F.4th at 1213). "But *Rodriguez Diaz* addressed the adequacy of the burden allocation at a bond hearing for a person *already in custody*; it did not consider whether the Government may seize a person after years of government-sanctioned liberty without affording any prior process." *Id.* (citing *Rodriguez Diaz*, 53 F.4th at 1196–97) (emphasis in original). "That is the question presented here, and it is the question the courts of this district and others have answered against the Government." *Id.* Petitioner has been detained for over forty days and transported across the country, away from his family and access to evidence he might have to support his claim that he is not a danger or flight risk. "The risk of erroneous deprivation from seizing a long-present, work-authorized asylum applicant with no criminal history, without any prior opportunity to be heard, is substantial." *Id.* And "[t]he value of a pre-deprivation hearing in reducing that risk is correspondingly high." *Id.*

The Government's interest in detaining petitioner without a pre-deprivation bond hearing is low. "Custody hearings in immigration court are routine and impose a 'minimal' cost on the government." *Tinoco*, 818 F. Supp. 3d at 1152–53 (E.D. Cal. 2025) (quoting *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)). Petitioner has no criminal history, and respondents do not argue that petitioner presents any risk of flight.

After considering these factors, the Court finds that petitioner is entitled to a pre-

deprivation bond hearing at which the government bears the burden of proving that he is a flight risk or danger to the community by clear and convincing evidence. *See Gagik T.*, 2026 WL 1837413, at *4 (reaching the same conclusion); *Jie Yu v. Field Office Director*, No. 1:26-CV-04648-MWJS, 2026 WL 1893576, at *2 (E.D. Cal. June 30, 2026) (same); *Kalkan v. Chestnut*, No. 1:26-CV-02028-DAD-EFB, 2026 WL 788112, at *2 (E.D. Cal. Mar. 20, 2026) (same); *Villanueva-Montanez v. Lyons*, No. 2:26-CV-00954-DAD-CKD, 2026 WL 797930, at *2 (E.D. Cal. Mar. 23, 2026) (same).

### IV.     Conclusion and Order

Accordingly, the petition for writ of habeas corpus is GRANTED.  Respondents are ORDERED to release petitioner Iaroslav Medvezhov (A-Number: 220 487 855) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:    August 3, 2026    _____

UNITED STATES DISTRICT JUDGE

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.